**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAMMY LYNN ZOON,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant*. | No. 23-cv-00295 (MEF)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts of the case.

\*   \*   \*

The Commissioner of Social Security denied the Plaintiff's application for Supplemental Security Income ("SSI"). See Administrative Transcript (ECF 5) ("Transcript") at 18-40, 61, 76.

The Plaintiff now challenges that denial.[1] See Plaintiff's Memorandum of Law (ECF 10) ("Plaintiff's Brief") at 4.

Her central argument: the Commissioner committed legal error by failing to properly evaluate the medical evidence he rejected.

This argument, the Court concludes, is not persuasive.

\*   \*   \*

The Commissioner rejected the opinion of the Plaintiff's doctor (from here, "the Doctor").[2] See Plaintiff's Brief at 9-10; Transcript at 4, 28.

---

[1] The Court has jurisdiction. See 42 U.S.C. §§ 405(g), 1383(c)(3).

[2] Steven W. Sarner, MD.

But in doing so, the Plaintiff contends, the Commissioner failed to consider two things he needed to.  See Plaintiff's Brief at 10, 12, 16-17; Plaintiff's Reply to Defendant's Brief (ECF 15) at 2.

These are supportability and consistency.  See 20 C.F.R. §§ 416.920c(b)(2), (c).[3]  Federal law defines them as follows:

> (1) Supportability.  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be.
>
> (2) Consistency.  The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be.

§ 416.920c(c)(1)-(2).

\*   \*   \*

The Doctor opined that the Plaintiff had certain mental limitations that would prevent her from working.  See Plaintiff's Brief at 11 (citing Transcript at 407-09).

Indeed, in the past, the Doctor said, these limitations had caused the Plaintiff to quit her jobs because she could not "do the work."  Transcript at 408.

Per the Doctor, the Plaintiff had "extreme" limitations with complex instructions, "marked" limitations with making simple and complex judgments, and "moderate" limitations with simple instructions.  See id. at 33 (citing id. at 407-09).

The Commissioner rejected this opinion from the Doctor as unsupported by the record.  Id.  Partly on that basis, he found that the Plaintiff was not "precluded from all work."  Id. at

---

[3]  The cited regulations are in force for claims filed on or after March 27, 2017.  See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  They govern the Plaintiff's claim, which was filed on March 4, 2021.  See Transcript at 21.

2

33-34. And since the ability to "make an adjustment to other work" bars SSI eligibility, the Commissioner denied the Plaintiff's claim. See 20 C.F.R. § 404.1520(g)(1); see also Transcript at 35.

\* \* \*

The Commissioner described the medical record over multiple pages. See Transcript at 25-33. After that review, he discounted the Doctor's bottom-line opinion:

> The extreme and marked limitations noted by [the Doctor] are not supported by the record, as the record shows improvement in symptoms with medication, with noted reports of doing well and no significant abnormalities on mental examination. The record also shows no evidence of psychotic symptoms, hospitalizations or emergency department visits, as of the alleged onset date to the present. The moderate limitation in performing simple work also does not appear supported, as examinations have noted the claimant has maintained coherent and relevant speech; logical and linear thought processes; intact thought content; fair insight and judgment; full orientation; intact memory and concentration; and intact fund of knowledge. At the hearing, the claimant also testified she can understand simple instructions. Ultimately, the doctor's findings are not persuasive.

Id. at 33.

In this paragraph, the Commissioner fulfilled his duty to assess supportability and consistency.

\* \* \*

Start with supportability.

As to that, the relevant question was: did "the objective medical evidence and supporting explanations presented by" the Doctor back up his opinion? § 416.920c(1).

3

The Commissioner answered head on.  He reviewed the Doctor's treatment notes and found they did not support the Doctor's conclusion.  See Transcript at 33.

For example, the Commissioner observed that the Doctor's treatment notes "show[] improvement in symptoms with medication, with noted reports of doing well."  Id. at 32 (citing id. at 453).[4]

Those findings did not "support[]" the Doctor's conclusion that the Plaintiff has extreme and marked limitations, the Commissioner found.  See id. at 33.

That is the sort of inquiry the supportability factor calls for.  See Cropper v. Dudek, 136 F.4th 809, 815 (8th Cir. 2025) (The Commissioner "may properly consider a provider's own examination notes when determining whether that provider's opinion is supported"); accord Conklin v. Kijakazi, 2023 WL 6386509, at *10 (E.D. Pa. Sept. 28, 2023); Foor v. Berryhill, 2019 WL 1296882, at *4 (W.D. Pa. Mar. 21, 2019); see also Plaintiff's Reply to Defendant's Brief at 4 (adopting this approach).[5]

* * *

Now consider consistency.

The regulations define consistency as a medical opinion's alignment "with the evidence from other medical sources and nonmedical sources in the claim."  § 416.920c(2).

The Commissioner addressed that, too.

---

[4]  In analyzing supportability and consistency, the Commissioner did not directly cite the medical record.  But the Commissioner thoroughly covered --- and cited --- the record earlier in his opinion.  See Transcript at 25-33.  That makes the evidence to which he was referring to clear enough.  See, e.g., Hazel v. Kijakazi, 2024 WL 492778, at *3 (W.D. Tenn. Feb. 7, 2024); cf. Brownsberger v. Kijakazi, 2022 WL 178819, at *7 (M.D. Pa. Jan. 18, 2022).

[5]  Federal law obliges the Commissioner to explain how he considered these factors.  See § 416.920c(b)(2).  Explanations need not be "comprehensive"; "a sentence or short paragraph" will normally do.  Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981).  The Commissioner cleared this bar here.

The Doctor found that the Plaintiff had "moderate limitations" in understanding simple instructions. See Transcript at 33.

But as the Commissioner observed, the Plaintiff herself testified that she could understand simple instructions. Id. (referring to id. at 50).[6]

By pointing out the daylight between the Doctor's assessment and other evidence in the record --- namely, the Plaintiff's own statements --- the Commissioner fulfilled his "consistency" obligation. See § 416.920c(c)(2); see also Stiffler v. O'Malley, 102 F.4th 1102, 1107 (9th Cir. 2024) (upholding a similar approach to consistency).

The Plaintiff briefly puts forth a second argument on consistency. She argues that the Commissioner failed to explain that the Doctor's findings were in line with those of another expert. See Plaintiff's Brief at 15-16.

But the Commissioner discussed the other expert's findings in detail while describing the medical record. See Transcript at 25-26, 30-31.

And while he did not specifically analyze those findings, that is not error. He did not need to "discuss the extent to which a particular medical opinion is consistent with every piece of the record." Clarke v. Comm'r of Soc. Sec., 2024 WL 4252054, at *1 n.1 (W.D. Pa. Sept. 20, 2024).[7]

And all the more so here, since the other expert's opinion was not "particularly notable." Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).

That opinion arguably "confirm[ed] the [Plaintiff's] ability to manage unskilled work," as the Commissioner convincingly argues. Defendant's Brief (ECF 14) at 11 (citing Transcript at 404). For example, it found that the Plaintiff perfectly answered a memory test, was goal directed, and showed no signs of a thought disorder. See Transcript at 404.

---

[6] That the Commissioner did not use "the magic word[] . . . 'consistent'" does not matter. See Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 639 (3d Cir. 2024).

[7] For an especially thoughtful discussion of why this is so, see Judge Bloch's opinion in Pyle v. Commissioner of Social Security, 2024 WL 4278291, at *1 n.1 (W.D. Pa. Sept. 24, 2024).

\*   \*   \*

In sum, the Commissioner adequately explained supportability and consistency.

He evaluated supportability by comparing the Doctor's conclusions with his treatment notes.  And he evaluated consistency by pointing out a conflict between the Doctor's opinion and the Plaintiff's testimony.

In both cases, the analysis was explicit, tied to the record, and sufficient under the law.

\*   \*   \*

Accordingly, the Commissioner's decision is affirmed.

IT IS on this 27th day of June, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.